Ross-Caleb v. City of Rochester

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19ᵗʰ day of February, two thousand thirteen.

PRESENT:
            JON O. NEWMAN,
            REENA RAGGI,
            GERARD E. LYNCH
                    Circuit Judges.

_____

TERRA ROSS-CALEB, ALFONDA CRAWFORD,THERESA SMITH, JEAN CLAUDE DESARDOUIN

            Plaintiffs-Appellants,

                    v.                                    12-187-CV

CITY OF ROCHESTER, VINCENT McINTYRE as Aider and Abettor,

            Defendants-Appellees.
_____

FOR APPELLANTS:     Christina A. Agola, Rochester, N.Y.

FOR APPELLEES:      Igor Shukoff, Rochester, N.Y.

UPON DUE CONSIDERATION, it is hereby ordered that the judgment of the District Court is AFFIRMED with respect to the above-named Plaintiffs-Appellants.

Plaintiffs-Appellants Terra Ross-Caleb, Alfonda Crawford, Theresa Smith, and Jean Claude Desardouin appeal from the December 16, 2011, judgment of the United States District Court for the Western District of New York, Michael A. Telesca, District Judge, granting summary judgment to Defendants-Appellees Vincent McIntyre and the City of Rochester. The Plaintiffs brought claims of gender discrimination because of a hostile work environment under the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. § 1983, and the New York State Human Rights Law, N.Y. Exec. Law § 290, et seq. ("NYSHRL"), as well as claims of retaliation under Title VII and the NYSHRL. The Court also granted summary judgment to the Defendants on the claims of co-plaintiff Jewanta Desardouin (the wife of Jean Claude Desardouin); in an opinion filed today, we have reversed in part the District Court's judgment and remanded with respect to her claims.

We assume the parties' familiarity with the facts and procedural developments in this case.

The District Court rejected all of the claims of these Appellants in a thorough 37-page opinion. With one exception, we agree with the District Court and affirm the judgment for the reasons Judge Telesca set forth. The exception concerns Mr. Desardouin's claims under the NYSHRL. The District Court dismissed all of his claims on the ground that his administrative complaint to the EEOC was untimely. Dismissing his NYSHRL and

section 1983 claims on this ground was error, because those claims are not subject to the procedural requirements of Title VII claims. See Drees v. County of Suffolk, No. 06-cv-3298 (JFB)(ETB), 2007 WL 1875623, at *6 (E.D.N.Y. June 27, 2007) (NYSHRL and section 1983, unlike Title VII, does not require exhaustion of administrative remedies prior to bringing a civil lawsuit); Patsy v. Board of Regents, 457 U.S. 496, 516 (1982) (same, with respect to section 1983). Nevertheless, his state law and federal constitutional discrimination claims fail for lack of any evidence that he was treated differently than any other similarly situated employee, and his state law retaliation claim fails, as the District Court noted, for lack of any explanation as to how his termination in December 2007 could be retaliation, as he alleged, for protected activity of his wife that did not occur until months later.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk